UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. 3:24-cr-**52-MOC** |
| v. | **BILL OF INFORMATION** |
| STEPHANIE L. ROBERTS | Violations: 18 U.S.C. § 669<br>26 U.S.C. § 7202<br>26 U.S.C. § 7206(1) |

THE UNITED STATES ATTORNEY CHARGES:

At the specified times and at all relevant times:

## INTRODUCTION

1. Stephanie Roberts (ROBERTS), defendant herein, was a resident of Gaston County, North Carolina, and Executive Director of a certain non-profit corporation (hereinafter NPC-1). Beginning no later than January 8, 2016 and continuing until at least January 21, 2022, ROBERTS embezzled more than $136,000 from NPC-1. In addition, ROBERTS willfully failed to pay more than $202,000 withheld from the paychecks of MPC-1's employees for Federal income, Medicare, and Social Security taxes to the United States' Internal Revenue Service (IRS). Finally, ROBERTS made and subscribed under penalty of perjury U.S. Income Tax Returns in which she falsely stated the amount of tax withheld from her wages and claimed such amount as tax paid to the IRS.

## Theft from a Health Benefit Program

2. NPC-1 was a non-profit corporation that provided support and resources for cancer patients and their families in the Gaston County area. Some of the services provided by NPC-1 included liquid nutrition, medication assistance, medical equipment, transportation assistance, wigs, mastectomy bras, and prostheses. NPC-1 provided its services free-of-charge. NPC-1 was funded by community donations and grants from the United Way and other sponsors. ROBERTS represented NPC-1 at its fundraising events. NPC-1 was a health care benefit program as defined by Title 18, United States Code, Section 24(b).

3. NPC-1 was governed by a Board of Directors (BOD). The BOD approved an annual budget submitted by ROBERTS, including the salaries for its four employees.

4. NPC-1 was required to provide annual reports of its revenue and expenses prepared by an independent third party to certain contributors. A certain CPA firm prepared NPC 1's annual audits and its tax returns (IRS Form 990) with financial information provided by ROBERTS. The CPA firm did not handle payroll.

5. ROBERTS exercised control over NPC-1's financial affairs by, among other acts, approving payments, signing checks, controlling bank accounts, reviewing employee time sheets and distributing pay to employees.

6. Beginning no later than January 8, 2016 and continuing until at least January 4, 2022, ROBERTS issued herself unauthorized payments from NPC-1's bank accounts totaling more than $136,000. During this time, the BOD's approved annual salary for ROBERTS was no more than $80,000 per year. Although ROBERTS's unauthorized payments to herself exceeded her approved salary, she disguised them as additional paychecks.

## Willful Failure to Pay Over Employment Taxes

7. The IRS was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

8. Pursuant to the Internal Revenue Code and associated statutes and regulations, employers are required to withhold amounts from their employees' gross pay including Federal Insurance Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes, and federal income taxes. These taxes will be referred to in this Information collectively as "trust fund taxes" because employers hold the withheld amounts in trust until paid over to the United States. Employers are required to remit these withheld, trust fund taxes to the IRS on a quarterly basis, no later than the last day of month following the end of the quarter.

9. In addition to the trust fund taxes that must be withheld from pay, employers are separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions are likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter. Collectively, these five components required to be remitted quarterly are commonly referred to as "employment taxes," made up of the trust fund taxes withheld (individual income, Social Security and Medicare taxes) and the matching amounts contributed by the employer.

10. Employers are required to file, one month after the conclusion of the calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth the total amount of income taxes withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits.

11. ROBERTS was a responsible person for collecting trust fund taxes, accounting for the employment taxes by filing Forms 941 with the IRS, and paying over to the IRS the employment taxes for NPC-1.

12. ROBERTS prepared NPC-1's Quarterly Employer Federal Tax Returns—IRS Form 941—and the Employer's Annual Federal Unemployment Tax Return—Form 940. These forms are used to report Federal Income Taxes, Medicare Taxes, and Social Security Taxes withheld from employees' paychecks. ROBERTS also prepared and submitted IRS Forms W-2 for NPC-1's employees.

2

13. Beginning no later than January 31, 2016, and continuing until October 31, 2021, ROBERTS withheld over $202,000 in Federal Income, Medicare, and Social Security taxes from the paychecks of NPC-1 employees, which she willfully failed to pay to the IRS as she was required.

### Making and Subscribing a False Income Tax Return

14. Beginning no later than May 6, 2017, and continuing until April 16, 2022, ROBERTS filed and caused to be filed IRS Forms 1040 reporting her Joint Individual U.S. Income Taxes, on which Forms 1040 she falsely stated the amount of tax withheld from her wages and claimed such amount as tax paid to the IRS. ROBERTS electronically signed and subscribed such Forms 1040 under penalty of perjury. In total, ROBERTS falsely claimed more than $62,000 in payments to the IRS that she caused not to have been paid.

### COUNT ONE
### 18 U.S.C. § 669
### (Theft in Connection with Health Care)

15. The United States Attorney re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 6 of this Bill of Information and further alleges that:

16. Beginning no later than January 8, 2016 and continuing through January 21, 2022, within Gaston County, in the Western District of North Carolina, and elsewhere, the defendant,

### STEPHANIE L. ROBERTS

did knowingly and willfully embezzle, steal, and convert without authority to her own use, more than $136,000 of the moneys and funds of NPC-1, a health care benefit program as defined in Title 18, United States Code, Section 24(b).

All in violation of Title 18, United States Code, Section 669.

### COUNT TWO
### 26 U.S.C. § 7202
### (Failure to Truthfully Account for and Pay Over Trust Fund Taxes)

17. The United States Attorney re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 2 and 7 through 13 of this Bill of Information and further alleges that:

18. ROBERTS was a person required to collect, account for on quarterly Forms 941, and pay over to the IRS on behalf of NPC-1, trust fund taxes imposed on NPC-1 employees by the Internal Revenue Code.

3

19. On or about October 31, 2020, within Gaston County, in the Western District of North Carolina, and elsewhere, the defendant,

**STEPHANIE L. ROBERTS**

did willfully fail to truthfully account for and pay over to the IRS approximately $9,107, which were trust fund taxes due and owing to the IRS on behalf of the employees of NPC-1 for the Third Quarter of 2020.

All in violation of Title 26, United States Code, Section 7202.

### COUNT THREE
### 26 U.S.C. § 7206(1)
### (Making and Subscribing a False Tax Return)

20. The United States Attorney re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 14 of this Bill of Information and further alleges that:

21. On or about May 2, 2021, within Gaston County, in the Western District of North Carolina, and elsewhere, the defendant,

**STEPHANIE L. ROBERTS**

willfully made and subscribed and filed and caused to be filed with the Internal Revenue Service, a false Form 1040, for calendar year 2020, which was verified by a written declaration that it was made under the penalties of perjury and which ROBERTS did not believe to be true and correct as to every material matter, to wit: that such tax return reported on line 25 that a certain amount had been withheld from ROBERTS's wages for federal employment taxes, whereas, as ROBERTS knew the stated amount was false because she had not caused NPC-1 to pay over trust fund taxes withheld from her wages.

All in violation of title 26, United States Code, Section 7206(1).

### NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

22. Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

    a. All property which constitutes or is derived, directly or indirectly, from gross proceeds of the Count One violation set forth in this Bill of Information; and

    b. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or

deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a).

23. The United States Attorney finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above:

   a. A forfeiture money judgment in the amount of at least $136,000 such amount constituting the proceeds of the Count One violation set forth in this Bill of Information.

DENA J. KING
UNITED STATES ATTORNEY

_____
Michael E. Savage
Assistant United States Attorney

5